J-A22013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES A. BELLON | : | |
| | : | |
| Appellant | : | No. 1307 WDA 2022 |

Appeal from the PCRA Order Entered October 24, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001272-2002

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  October 23, 2023**

Charles A. Bellon appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant is currently serving a judgment of sentence of thirty-one to forty-six years of imprisonment on, *inter alia*, eleven counts of possession with intent to deliver a controlled substance ("PWID").  We glean the following summary of the protracted history of this case from this Court's decision in Appellant's most recent appeal.  ***See Commonwealth v. Bellon***, 249 A.3d 1177, 2021 WL 688787 at *1-3 (Pa.Super. 2021) (non-precedential decision) ("***Bellon V***").

In 2003, Appellant was sentenced following a guilty plea, but this Court ruled that his motion to withdraw the plea should have been granted. Following a trial, Appellant was sentenced in 2009 to an aggregate term of

thirty-one to sixty-two years of confinement, which included ten PWID sentences of seven to fourteen years imposed through application of the mandatory minimum statute codified at 18 Pa.C.S. § 7508(a)(3)(iii). His direct appeal merited him no relief. *See Commonwealth v. Bellon*, 29 A.3d 836 (Pa.Super. 2011) (unpublished memorandum) ("*Bellon I*").

Appellant filed PCRA petitions in 2011 and 2015 alleging, *inter alia*, that his sentence was illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that any fact that increases the penalty for a crime is an element of the offense that must be determined by the fact-finder beyond a reasonable doubt). This Court rejected his *Alleyne* claim on the merits in the former, holding that the *Alleyne* ruling did not apply retroactively to his final judgment of sentence. *See Commonwealth v. Bellon*, 106 A.3d 154 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 109 A.3d 677 (Pa. 2015) ("*Bellon II*"). We affirmed the dismissal of Appellant's 2015 PCRA petition as untimely. *See Commonwealth v. Bellon*, 227 A.3d 426 (Pa.Super. 2020) (non-precedential decision) ("*Bellon III*").

Meanwhile Appellant simultaneously litigated a petition for writ of *habeas corpus* in federal court. Therein, he asserted six claims, including a challenge to the legality of his sentence, not based upon *Alleyne*, but upon the fact that the statutory maximum for the PWID offenses was ten years. *See Bellon v. Ferguson*, 3:15-CV-131-KRG-KAP, 2019 WL 13259278 (W.D. Pa. Aug. 15, 2019), *supplemented*, 2019 WL 13259246 (W.D. Pa. Aug. 28,

2019), *report and recommendation adopted*, 2019 WL 13259245 (W.D. Pa. Sept. 30, 2019) ("**Bellon IV**"). Ultimately, the federal court conditionally granted the petition as to the sentencing claim only, indicating that a writ would "issue if within 120 days the Court of Common Pleas of Blair County does not impose a new judgment of sentence in which the maximum sentence as to Counts II, III, IV, V, VI, VII, VIII, X, XI, and XII, is 10 years." ***Id***., 2019 WL 13259245 at *1.

Within the allotted time, the Commonwealth filed an application in the trial court to conform Appellant's sentence to the federal court order by reducing the maximum term of each of the ten PWID sentences to ten years. Appellant opposed the application, asserting that reducing each sentence to seven to ten years would result in an illegal sentence pursuant to 42 Pa.C.S. § 9756(b)(1) (providing that a sentence is generally illegal if the minimum term of confinement exceeds half of the maximum term imposed). Appellant acknowledged that our Supreme Court has held that this general rule does not pertain when the minimum sentence was imposed pursuant to a mandatory minimum statute such as 18 Pa.C.S. § 7508, which states that it applies "notwithstanding any other provision" to the contrary. ***See Commonwealth v. Bell***, 645 A.2d 211, 217 (Pa. 1994) ("'Notwithstanding any other provision of this or any other act to the contrary' carves an exception to the minimum-maximum rule[.]"). However, since § 7508 had been declared to be unconstitutional in its entirety pursuant to ***Alleyne***, Appellant asserted that

- 3 -

§ 7508 could not serve as a basis to exclude Appellant's sentences from the general requirement that the minimum cannot exceed half of the maximum.

By order of January 14, 2020, the trial court entered an order reducing the maximum terms of the sentences at issue to ten years despite its express disinclination to do so. *See* Order, 1/14/2020, at 3. Appellant filed a timely appeal to this Court, asserting that the trial court imposed an illegal sentence by applying mandatory minimums that no longer exist and by not holding a new sentencing hearing before imposing the new sentence.

At that point, it was not only the law of Appellant's case, but the law of the Commonwealth, that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Accordingly, this Court considered "whether, by granting *habeas corpus* relief, the District Court vacated [Appellant]'s sentence" such that the January 12, 2020 order reducing Appellant's maximum sentences for the ten PWID convictions was a new sentence that illegally applied mandatory minimum statutes that had been invalidated by *Alleyne*. *See Bellon V*, *supra* at *3. We concluded that there was no new sentence, explaining as follows:

> "Federal *habeas* directives to state authorities are designed to be coercive and, thus the federal courts issue a 'conditional' grant of the writ, which delays implementing the writ to allow the state the opportunity to correct the perceived constitutional violation." *Commonwealth v. Lesko*, 15 A.3d 345, 364 (Pa. 2011). Additionally, federal *habeas* relief "should be narrowly designed to enable the state court to fulfill its constitutional obligation." Our Supreme Court has explained that when a defendant is awarded

- 4 -

federal habeas relief, "all other aspects of the original judgment remain as before—**final**." *Id*. at 366 (emphasis in original).

Here, the Federal District Court's Order specifically provided as follows:

> It is ORDERED that [Appellant's] petition for a writ of *habeas corpus* is granted in part and denied in part as recommended in the Report and Recommendation and is adopted as the opinion of the court. A writ of *habeas corpus* shall issue if within 120 days the Court of Common Pleas of Blair County does not impose a new judgment of sentence in which the maximum sentence as to the 10 PWID convictions is 10 years.

> The District Court **did not** vacate [Appellant's] sentence, but rather, ordered the correction of only the maximum sentences. Consequently, [Appellant] cannot retroactively receive the benefit of **Alleyne**, because he was not sentenced "post-**Alleyne**." Rather, his sentence was tailored to comport with the statutes in effect in 2007. Accordingly, we cannot grant [Appellant] relief on this claim.

*Id*. at *3-4 (cleaned up, some citations omitted, emphasis in original). We further held that, since Appellant's original sentence was not vacated in its entirety and no new sentence was imposed, he was not entitled to relief on his claim that he was illegally denied his right to allocution and a full sentencing hearing. *Id*. at *4.

Thereafter, Appellant filed in state court a petition for writ of *habeas corpus*, a PCRA petition, a motion for the appointment of counsel, and a motion to remove the Deputy Attorney General who had been handling Appellant's case for years. The court treated both the *habeas* petition and the PCRA filing as PCRA petitions and issued notice of its intent to dismiss them, as well as the counsel-related motions, without a hearing. Therein, the PCRA

- 5 -

court opined that the two PCRA petitions were untimely because they challenged portions of Appellant's sentences, *i.e.*, the minimum mandatory term of seven years, which were not disturbed by the federal court and remained final, as they had been since 2011, pursuant to **Lesko**, **supra**. **See** Rule 907 Notice, 9/26/22, at unnumbered 6-9. The court further explained that Appellant was not entitled to counsel for his serial petitions and had failed to establish cause to disqualify the Commonwealth's attorney. **Id**. at unnumbered 8-9.

Appellant filed a response to the notice maintaining, *inter alia*, that his PCRA petition was timely filed because the January 12, 2020 order that altered his judgment of sentence in compliance with the federal mandate was a new judgment of sentence that did not become final until after **Bellon V** was decided in 2021. Therefore, Appellant claimed he was entitled to, among other things, appointed counsel and a new sentencing hearing at which **Alleyne** would bar the imposition of the seven-year mandatory minimum sentences that were imposed absent the requisite fact-finding by the jury. **See** Objection to 907 Notice, 10/7/22, at 3-4.

Appellant filed several appeals from various PCRA court orders, including the October 24, 2022 order that ultimately concluded the litigation of the pending proceedings. This Court dismissed the premature appeals as duplicative of the instant one and ordered this appeal to proceed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration:

I.    Whether Appellant is entitled to a complete and new direct appeal because this Court did not have jurisdiction to adjudicate Appellant's prior direct appeal since the sentencing order was a legal nullity?

II.    Whether the PCRA court erred when it determined that Appellant's petition was untimely?

III.    Whether Appellant's original sentence stands because the sentencing court failed to vacate the initial sentence before it resentenced Appellant?

IV.    Whether the PCRA court erred when it failed to allow Appellant to amend his petition?

V.    Whether under state constitutional law and the Supremacy Clause, the Courts were constrained to hold a new sentencing proceeding and apply **Alleyne** since the intervening *habeas* proceeding disturbed a on[c]e final judgment rendering it non-final and returned that very judgment to direct review?

VI.    Whether the sentence imposed violates Appellant's procedural due process rights and is illegal where, a) the sentence fails to state which sentences are running concurrent or consecutively, b) it was imposed without a PSI, c) it was imposed without notice and without Appellant present in open court, d) the court failed to make a RRRI determination, e) the sentence violates the merger doctrine of the double jeopardy clause, and f) the excessive sentence amounts to cruel and unusual punishment and circumvents equal protections?

VII.    Whether Appellant's guilt/ineffective claims are properly before the Court because (1) a new judgment of sentence was imposed and this judgment under Article V Section 9 of the Pennsylvania Constitution and 42 Pa.C.S. § 9545(b)(3) authorized direct review, and (2) since a sentence cannot exist without a conviction, it cannot be separated and must be viewed as one judgment: from the day of the entry?

VIII.    Whether the court erred when it failed to recuse itself?

Appellant's brief at 3.

We begin by observing that Appellant does not develop in his brief an argument that the PCRA court erred in not recusing itself, nor does he indicate that he filed a recusal motion in the PCRA court. Accordingly, Appellant's claim that the PCRA court erred in failing to recuse is waived.[1] **See Lomas v. Kravitz**, 170 A.3d 380, 390 (Pa. 2017) (indicating claim that a judge is disqualified is waived if recusal motion is not promptly presented to the challenged jurist at the first opportunity); **Commonwealth v. Taylor**, 277 A.3d 577, 590 (Pa.Super. 2022) ("[T]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").

We further observe as an initial matter that none of Appellant's appellate questions suggest that the PCRA court erred in treating his October 20, 2021 state *habeas corpus* petition as a PCRA petition. Accordingly, we proceed with the legal principles applicable to our review of orders disposing of PCRA petitions. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due."

---

[1] Additionally, we note that Appellant does not pursue on appeal the denial of his requests for appointed counsel and to disqualify the Commonwealth's attorney.

*Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019).

Any PCRA petition must either be filed within one year of the judgment of sentence becoming final or meet a timeliness exception. *See* 42 Pa.C.S. § 9545(b)(1). A petitioner bears the burden of pleading and proving a timeliness exception.[2] "If the petition is untimely and the petitioner has not

---

[2] The PCRA provides as follows regarding the time for filing a petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

pled and proven an exception, the petition must be dismissed[.]" ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018).

Here, Appellant does not assert that a timeliness exception applies. Instead, he maintains that his petition was timely filed within one year of his post-*habeas*-relief sentence becoming final after this Court decided ***Bellon V*** in 2021. ***See*** Appellant's brief at 18. Thus, the jurisdiction of the PCRA court and this Court to consider the substance of Appellant's claims hinges on when Appellant's judgment of sentence became final: in 2011 or in 2021.

This Court already made that determination in ***Bellon V***, ruling that Appellant was not entitled to a new sentencing hearing in order for the trial court to implement the federal *habeas* order because no new sentence was imposed at that time. Rather, the 2009 sentence, which included his ten mandatory minimum sentences of seven years, became final in 2011 and remained final when the sentence was conformed to the federal court's mandate in 2020. ***See Bellon V***, ***supra*** at 2021 WL 688787 *4. Such is the law of the case. ***See***, ***e.g.***, ***Commonwealth v. Barnes***, 167 A.3d 110, 121

_____

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Claims arising before December 24, 2017, were required to have been raised within sixty days.

(Pa.Super. 2017) ("[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even [if] convinced it was erroneous.").[3]  Furthermore, since Appellant did not seek to amend his petition to assert a timeliness exception, we have no basis to conclude that the PCRA committed reversible error in denying his request to amend.

For the foregoing reasons, the PCRA court properly dismissed Appellant's PCRA petitions as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  10/23/2023

_____

[3] It is further the law of the case that Appellant is not entitled to retractive application of the 2013 decision in *Alleyne v. United States*, 570 U.S. 99 (2013), to his then-final judgment of sentence.  *See Commonwealth v. Bellon*, 249 A.3d 1177, 2021 WL 688787 at *4 (Pa.Super. 2021) (non-precedential decision) (holding Appellant "cannot retroactively receive the benefit of *Alleyne*, because he was not sentenced 'post-*Alleyne*'").